IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

LARRY A. MEISEGEIER, EMILY B.
MEISEGEIER, WYMORE SEED AND
FARM SUPPLY, MARSHFIELD CLINIC,
DAVID KRUMREI, BONITA PERRY,
SHELDON CO-OP SERVICES and
HERDSMAN FEEDS, INC.,

                Defendants.

OPINION & ORDER

14-cv-065-wmc

---

On February 3, 2014, plaintiff, the United States of America, filed this suit seeking to foreclose on certain property owned by defendants Larry and Emily Meisegeier, including real estate described in Attachment C ("Real Estate") and secured items such as crops, farm equipment and livestock described in Attachment B ("Items"). The remaining defendants purport to have an interest in this property as well. Defendants waived service, and their answers were due on April 7, 2014. (*See* dkt. ##3, 5, 6, 7, 8, 9, 10.) To date, defendants have failed to appear, answer or otherwise defend this lawsuit. Accordingly, on June 16, 2014, the United States moved for entry of default (dkt. #12), and the clerk of court entered default against all defendants on June 24, 2014. (Dkt. #15.)

The court held a hearing on September 10, 2014. Again, defendants failed to appear or contest this matter. Because the clerk of court has entered default against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Plaintiff now seeks a default judgment in the amount of $126,668.53 and, in default of payment, that all legal right, title and interest that the Meisegeiers have in the property be sold at a public sale, in accordance with 28 U.S.C. §§ 2001-2003 and 2004. In support of its request, it has submitted the declaration of Douglas A. Lund, a Farm Loan Specialist with the U.S. Department of Agriculture, Farm Service Agency ("FSA"), in Wisconsin. (Dkt. #20.) Lund avers that the FSA issued three farm loans to the Meisegeiers on May 26, 2005, for $50,659.31; $45,637.34; and $6,642.40, and that the FSA issued an additional farm loan to the Meisegeiers on February 8, 2006, in the amount of $20,000.00. As summarized on Attachment A, he further avers that a true and accurate copy of the loan balance on the Meisegeiers' account (dkt. #20-1) reveals that the Meisegeiers owe $104,827.31 in unpaid principal and $21,841.22 in unpaid interest, for a total of $126,668.53. Therefore, the amount requested by plaintiff as a monetary judgment against the Meisegeiers appears accurate.

Plaintiff also asks the court to order sale of: (1) the Items described in the Security Agreement, at public or private sale; and (2) the mortgaged Real Estate, at a public auction. 28 U.S.C. § 2001 permits the public or private sale of realty after notice that complies with 28 U.S.C. § 2002. Likewise, 28 U.S.C. § 2004 permits the sale of personalty "in accordance with section 2001." The court has also reviewed the proposed judgment of foreclosure and sale filed by plaintiff, providing for notice by publication.

Having provided sufficient evidence of the amounts owed under the FSA loans and its right to execute against the property to satisfy that debt pursuant to the Security Agreement and the mortgages,

2

ORDER

IT IS ORDERED that:

(1)  plaintiff's motion for default judgment (dkt. #16) is GRANTED;

(2)  there is now due and owing to plaintiff as of and including September 10, 2014, the sum of $126,668.53, as set forth in Attachment A of this Order;

(3)  a sale of the Items listed in Attachment B to this Order shall proceed in the usual form as provided by and in accordance with the plaintiff's motion;

(4)  defendants and all their heirs, and all persons claiming under them, shall be forever barred and foreclosed of all right, title, interest and equity of redemption in these Items;

(5)  defendants have no further legal or equitable interest in this property, subject to defendants' rights to excess proceeds and that plaintiff is entitled to immediate possession of the items of security in which the FSA has a security interest;

(6)  sale of these Items shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin or the Farm Service Agency;

(7)  unless otherwise ordered by the court, the United States Marshal shall thereupon pay from the proceeds of the sale up to the amount of the monetary judgment, together with interest on all said sums from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a);

(8)  if there is surplus from the proceeding of this sale, it shall be deposited with the Clerk of Court and subject to further court order;

(9)  defendants and all persons claiming under them are enjoined from doing any act that may impair the value of the collateral;

(10) the mortgaged Real Estate located in the County of Rusk, State of Wiconisn, and described in Attachment C to this Order be sold as a whole at public auction in the County of Rusk, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin;

(11) the United States Marshal shall give public notice of the time and place of the auction in the manner provided by law, that publication of the notice be made in The Ladysmith News, a newspaper published in the City of Ladysmith, County of Rusk, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above-described premises; the Marshal shall file with the Clerk of this Court his report of sale; and shall also immediately

after deposit the proceeds of sale, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; said United States Marshal may accept from the purchaser at such sale, as a deposit or down payment, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as provided above, and the balance of the sale price shall be paid to the United States Marshal's Service by the purchaser at the sale, upon confirmation thereof, except that if Plaintiff be the successful bidder at such sale, the United States Marshal may take the receipt of Plaintiff in lieu of a cash payment; the Marshal, upon compliance on the part of the purchaser with the terms of sale as required by law, shall make and execute to purchaser a deed to the premises so sold, as above described, stating the price paid; the United States Marshal shall deliver the deed to the purchaser, upon compliance by purchaser with the terms of sale, and the payment by him of any balance of the sale price to be paid; the United States Marshal shall then pay from the proceeds of the sale all claims superior to Plaintiff as determined by the court and to plaintiff the amount of judgment, together with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a), or so much thereof as the monies derived from the sale will pay, and take receipts therefore; and the surplus money, if any, shall be subject to the further order;

(12) if the proceeds of the Real Estate sale be insufficient to pay the amounts owed by judgment, the United States Marshal shall specify the amount of said deficiency in his report of sale and a deficiency judgment entered by the Clerk of Court;

(13) upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, shall be let into possession of the Real Estate sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; each and every one of the parties to this action who may be in possession of the Real Estate, and every other person who since the filing of notice of the pendency of this action has come into possession of the Real Estate or any part thereof under them shall deliver to such grantee or grantees named in such deed possession of the mortgaged Real Estate, and a writ of assistance issue if necessary to secure possession;

(14) the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged Real Estate;

(15) plaintiff may pay any taxes or insurance premiums on the mortgaged Real Estate now due, or which shall hereafter become due before the sale, and have a lien on said premises for the amount so paid with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a); and in the event any such payments are made, plaintiff may obtain an order at the foot of this judgment directing that the

amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged Real Estate; and

(16) the defendants and all persons claiming under them are enjoined from committing waste upon said mortgaged Real Estate and doing any other act that may impair the value of the same.

Entered this 10th day of September, 2014.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge