IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 14-cv-65

LARRY A. MEISEGEIER
N6430 Hwy 40
Bruce, WI 54819

and

EMILY B. MEISEGEIER
N6430 Hwy 40
Bruce, WI 54819

WYMORE SEED AND FARM SUPPLY
5925 Anderson Rd.
Glen Flora, WI 53526

MARSHFIELD CLINIC
Brian H. Ewert, MD
Registered Agent
1000N. Oak Avenue
Marshfield, WI 54449

DAVID KRUMREI & BONITA PERRY
1211 Richter St.
Port Charlotte, FL 33952

SHELDON CO-OP SERVICES
W5514 Main Street
Sheldon, WI 54766

HERDSMAN FEEDS, INC.
Gary A. Drinkman
Registered Agent
E1353 State Rd. 64
Boyceville, WI 54725

        Defendants.

---

## JUDGMENT OF FORECLOSURE AND SALE

---

Pursuant to this Court's September 10, 2014 Opinion and Order (dkt. #16) granting Plaintiff's Motion for Default Judgment,

    1.    IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including September 10, 2014, the sum or $126,668.53, as set forth in Attachment A of the Court's Opinion and Order (dkt. #23-1).

    2.    IT IS FURTHER ORDERED that a sale of the Items listed in Attachment B (dkt. #23-2) to the Court's Opinion and Order shall proceed in the usual form as provided by and in accordance with the plaintiff's motion;

    3.    IT IS FURTHER ORDERED that defendants and all their heirs, and all persons claiming under them, shall be forever barred and foreclosed of all right, title, interest, and equity of redemption in these Items;

    4.    IT IS FURTHER ORDERED that defendants have no further legal or equitable interest in this property, subject to defendants' rights to excess proceeds

and that plaintiff is entitled to immediate possession of the items of security in which the FSA has a security interest;

    5.    IT IS FURTHER ORDERED that sale of these Items shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin or the Farm Service Agency;

    6.    IT IS FURTHER ORDERED that unless otherwise ordered by the Court, the United States Marshal shall thereupon pay from the proceeds of the sale up to the amount of the monetary judgment, together with interest on all said sums from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a);

    7.    IT IS FURTHER ORDERED that if there is surplus from the proceeding of this sale, it shall be deposited with the Clerk of Court and subject to further court order;

    8.    IT IS FURTHER ORDERED that defendants and all persons claiming under them are enjoined from doing any act that may impair the value of the collateral;

    9.    IT IS FURTHER ORDERED that the mortgaged Real Estate located in the County of Rusk, State of Wisconsin, and described in Attachment C (dkt. #23-3) to the Court's Opinion and Order be sold as a whole at public auction in the County of Rusk, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin;

    10.    IT IS FURTHER ORDERED that the United States Marshal shall give public notice of the time and place of the auction in the manner provided by law, that

publication of the notice be made in *The Ladysmith News*, a newspaper published in the City of Ladysmith, County of Rusk, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above-described premises; the Marshal shall file with the Clerk of this Court his report of sale; and shall also immediately after deposit the proceeds of sale, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; said United States Marshal may accept from the purchaser at such sale, as a deposit or down payment, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as provided above, and the balance of the sale price shall be paid to the United States Marshals' Service by the purchaser at the sale, upon confirmation thereof, except that if Plaintiff be the successful bidder at such sale, the United States Marshal may take the receipt of Plaintiff in lieu of a cash payment; the Marshal, upon compliance on the part of the purchaser with the terms of sale as required by law, shall make and execute to purchaser a deed to the premises so sold, as above described, stating the price paid; the United States Marshal shall deliver the deed to the purchaser, upon compliance by purchaser with the terms of sale, and the payment by him of any balance of the sale price to be paid; the United States Marshal shall then pay from the proceeds of the sale all claims superior to Plaintiff as determined by the court and to plaintiff the amount of judgment, together with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a), or so much thereof as the monies derived from the sale will pay, and take receipts therefore; and the surplus money, if any, shall be subject to the further order;

11. IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, shall be let into possession of the Real Estate sold, upon production of the Marshals' deed thereto or duly authenticated copy thereof; each and every one of the parties to this action who may be in possession of the Real Estate, and every other person who since the filing of notice of the pendency of this action has come into possession of the Real Estate or any part thereof under them shall deliver to such grantee or grantees named in such deed possession of the mortgaged Real Estate, and a writ of assistance issue if necessary to secure possession;

12. IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged Real Estate;

13. IT IS FURTHER ORDERED that plaintiff may pay any taxes or insurance premiums on the mortgaged Real Estate now due, or which shall hereafter become due before the sale, and have a lien on said premises for the amount so paid with interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a); and in the event any such payments are made, plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged Real Estate; and

14. IT IS FURTHER ORDERED that the defendants and all persons claiming under them are enjoined from committing waste upon said mortgaged Real Estate and doing any other act that may impair the value of the same.

Dated this 30d day of September, 2014

BY THE COURT:

WILLIAM M. CONLEY
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 2d day of ~~September~~ October, 2014.

PETER OPPENEER
Clerk of Court
United States District Court
Western District of Wisconsin