IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                Plaintiff,                OPINION & ORDER

  v.

                                                      14-cv-065-wmc

LARRY A. MEISEGEIER,
EMILY B. MEISEGEIER,
WYMORE SEED AND FARM SUPPLY,
MARSHFIELD CLINIC,
DAVID KRUMREI,
BONITA PERRY,
SHELDON CO-OP SERVICES and
HERDSMAN FEEDS, INC.,

                Defendants.
───────────────────────────────────────────────────────────────

      In this action for foreclosure, plaintiff, the United States of America, obtained a default judgment in the amount of $126,668.53 against defendants Larry A. and Emily B. Meisegeier. (Dkt. #25.) The court ordered the sale of certain property to fulfill that judgment, including mortgaged real estate located in the County of Rusk, State of Wisconsin. (*Id.*) Thereafter, plaintiff obtained an appraisal suggesting that the judgment could be satisfied by selling only a portion of the mortgaged real estate, allowing the Meisegeiers to retain possession of the parcel containing their residence. (Dkt. #27.) The court accordingly granted plaintiff's request to sell the property in parcels (dkt. #29), and on March 18, 2015, the court confirmed the sale of the real estate in the amount of $172,000.00. (Dkt. #37.)

      After deducting the costs of the United States Marshal and the United States Attorney's Office, this left a surplus in the amount of $44,061.24. The court gave the other parties in this matter fourteen days to file a written claim to these surplus funds, with any

remaining surplus to revert to the Meisegeiers. Three claims were filed: (1) a claim for $2,475.92 filed by the United States, seeking reimbursement for its advertising and appraisal costs in connection with the sale, as well as interest (dkt. #38); (2) a claim for $2,103.50 plus $1,093.56 in post-judgment interest filed by P. Thomas Wymore of Wymore Seed and Farm Supply (dkt. #43); and (3) a claim for an amount in excess of $40,000.00 and a petition for equitable distribution of the surplus, filed by David Krumrei and Bonita Perry (dkt. #42).

The court requested a response from the Meisegeiers regarding the claims on the surplus funds, but they failed to file anything with the court. On April 29, 2015, the court held a hearing on the surplus distribution. The United States appeared through counsel Barbara Oswald. P. Thomas Wymore, doing business as Wymore Seed and Farm Supply ("Wymore"), appeared *pro se*.[1] The Meisegeiers did not appear, nor did Krumrei and Perry.

The claim of the United States is straightforward. At the hearing, the court granted its unopposed request for additional expenses associated with the sale and interest.

The remaining two claims on the surplus are based on money judgments obtained against the Meisegeiers: (1) a judgment in the amount of $42,041.00 obtained by Krumrei and Perry in Rusk County Case No. 2007CV000010; and (2) a small claims judgment in the amount of $2,098.50 obtained by Wymore in Rush County Case No. 2010SC000430.[2] The docket sheets for both those cases, however, suggest both judgments are deemed

---

[1] At the hearing, Wymore confirmed that Wymore Seed and Farm Supply is a sole proprietorship, not a corporation, meaning that he may proceed *pro se*. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008).

[2] The court takes judicial notice of these court records, which are available via the Wisconsin Circuit Court Access website (https://wcca.wicourts.gov/index.xsl). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (most frequent use of judicial notice of ascertainable facts is in noticing contents of court records).

satisfied due to the Meisegeiers obtaining a discharge under Chapter 7 bankruptcy in 2011. (*See* Case No. 1-11-11683-tsu, United States Bankruptcy Court for the Western District of Wisconsin.)

Although it is not entirely clear from the state court docket sheets alone, it appears that on November 5, 2014, the Meisegeiers may have submitted an application for an order of satisfaction of the judgments due to bankruptcy pursuant to Wis. Stat. § 806.19(4). Under that statute, "[u]pon satisfaction, a judgment shall cease to be a lien on any real property that the person discharged in bankruptcy owns or later acquires." Wis. Stat. § 806.19(4)(d). Thus, if the Meisegeiers *did* acquire a valid order of satisfaction of judgment, Wymore, as well as Krumrei and Perry, may no longer have even an *in rem* interest in the surplus funds from the sale of the mortgaged premises.

Of course, the Meisegeiers have not advanced any of these arguments; indeed, they have not appeared in this case at all. Accordingly, the court is not prepared to reject the claims on the surplus absent additional information. Consistent with the April 29 hearing, all interested parties will be given an opportunity to supplement the record as set forth below.

ORDER

IT IS ORDERED that:

1) Plaintiff the United States of America's claim on the surplus funds (dkt. #38) is GRANTED.

2) Not later than May 18, 2015, claimants Wymore Seed and Farm Supply, David Krumrei and Bonita Perry should file with the court proof of their judgment against defendants Larry and Emily Meisegeier, as well as proof of a lien on the subject property.

3) At that time, claimants should also inform the court, to the best of their knowledge, whether Larry and Emily Meisegeier filed an application for satisfaction of judgment due to bankruptcy pursuant to Wis. Stat. § 806.19(4).

4) Not later than May 26, 2015, the Meisegeiers should file a written response with the court addressing the asserted claims on the surplus and explaining why they should not be held in default with respect to those claims.

Entered this 8th day of May, 2015.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge