IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                      Plaintiff,                  OPINION & ORDER

    v.                                                      14-cv-065-wmc

LARRY A. MEISEGEIER,
EMILY B. MEISEGEIER,
WYMORE SEED AND FARM SUPPLY,
MARSHFIELD CLINIC,
DAVID KRUMREI,
BONITA PERRY,
SHELDON CO-OP SERVICES and
HERDSMAN FEEDS, INC.,

                      Defendants.
───────────────────────────────────────────────────────────────

      In this foreclosure action, Larry and Emily Meisegeier, the individual defendants and owners of the mortgaged premises, defaulted on several promissory notes delivered to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture. This final opinion and order addresses and disposes of the surplus that ultimately resulted from the sale of the underlying property.

      The Meisegeiers failed to appear to defend the suit brought by the government, and the clerk entered default against them. Plaintiff then moved for default judgment. After granting that motion, the court ordered the sale of the property in question. (Sept. 10, 2014 Opinion & Order (dkt. #23).)

      On February 25, 2015, the property sold at public auction for $172,000.00. (Marshal's Report of Sale (dkt. #35) 2.) The mortgage judgment against the Meisegeiers, however, was only $126,668.53, plus $57.95 in interest. After covering the costs of sale incurred by the U.S. Marshal's Service and the United States Attorney's Office, there still

remained a surplus of $44,061.24. (*See* Order Confirming Sale (dkt. #37) ¶ 7.) Accordingly, the court gave any additional claimants to the surplus fourteen days to file their claims. (*Id.* at ¶ 9.)

A few, unsecured creditors have come forward asserting timely claims: (1) a claim by the United States for $2,475.92 in interest and additional costs associated with the foreclosure sale (dkt. #38); (2) a "petition for equitable distribution of surplus" by David Krumrei and Bonita Perry, requesting a pro rata distribution of all the funds among the Meisegeiers' creditors (dkt. #42); and (3) a request from P. Thomas Wymore of Wymore Seed and Farm Supply for $2,103.50, plus $1,093.56 in interest (dkt. #43). In light of these claims, this court entered an order on April 9, 2015, which gave the Meisegeiers an additional fourteen days to file a response, if any, to the claims, something they also declined to do. The court also scheduled a hearing on the claims for April 29th.

Before that hearing, the court took judicial notice of records obtained from the Wisconsin Circuit Court Access website, which showed Krumrei, Perry and Wymore had obtained judgment liens against the Meisegeiers that would have survived their Chapter 7 bankruptcy proceedings. Those records also showed, however, that the judgments in those cases were satisfied as of November 2014, as a result of applications for the satisfaction of judgment under Wis. Stat. § 806.19(4) filed by the Meisegeiers' legal counsel on October 24. Subsection (d) of that statute states that: "Upon receipt of a completed application, the clerk shall submit the proposed order for signature by a judge after which the clerk shall satisfy of record each judgment described in the application. Upon satisfaction, a judgment shall cease to be a lien on any real property that the person discharged in bankruptcy owns or later acquires."

At the April 29th hearing, the Meisegeiers did not appear, nor did unsecured creditors Krumrei or Perry. Mr. Wymore did appear on behalf of his sole proprietorship, Wymore Seed and Farm Supply.[1] The United States also appeared by Assistant United States Attorney Barbara Oswald. The court granted the unopposed request of the United States for its costs and interest, but noted the problems with the other two claims to the surplus funds -- mainly that if the Meisegeiers had obtained a satisfaction of judgment under § 806.19, it appeared that the remaining creditors no longer had a legal right to the surplus funds from the sale of the property. The court noted, however, that "the Meisegeiers have not advanced any of these arguments; indeed, they have not appeared in the case at all." (May 8, 2015 Opinion & Order (dkt. #47) 3.) Accordingly, the court provided the interested parties a last chance to supplement the record, asking that: (1) claimants Wymore, Krumrei and Perry file proof of their judgments against the Meisegeiers and proof of any lien against the subject property, as well as address whether they had any knowledge of the Meisegeiers' applications for satisfaction of judgment; and (2) the Meisegeiers file a written response addressing the asserted claims and explaining why they should not be held in default with respect to those claims.

The court again received nothing from Krumrei or Perry in response to its order of May 8. Mr. Wymore, however, filed his response timely on May 14, 2015, providing the court with the following:

- A copy of his judgment in the amount of $2,098.50 (dkt. #48-1).

---

[1] Wymore confirmed at the hearing that Wymore Seed and Farm Supply is a sole proprietorship, allowing him to proceed *pro se*. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008).

- His written explanation that, according to officials at the Rusk County Clerk of Court's office and the Register of Deeds Office, he held a general lien on all of the Meisegeiers' real estate, rather than a lien linked to a particular parcel of land.

- An acknowledgment that he previously received a copy of the October 24, 2014, application for an order of satisfaction of judgment from the Kenyon Law Office, as well as a copy of the November 5, 2014, order granting that application (dkt. #48-2).

The court also received a fax from Allen F. Kenyon, who represented the Meisegeiers in their Chapter 7 proceedings. (Dkt. #49.) Attorney Kenyon enclosed a copy of the application and order on satisfaction of judgment with respect to Krumrei's judgment against the Meisegeiers. (Dkt. #49-1.)

Finally, on May 26, the court received a "brief in opposition" in letter form from the Meisegeiers themselves (dkt. #50), which included copies of the satisfaction of judgment due to bankruptcy (as well as copies of the discharge on which it is based) with respect to *all* the creditors named as defendants in this case, including Wymore Seed and Farm Supply (dkt. #50-1), and David Krumrei and Bonita Perry (dkt. #50-4). The Meisegeiers did not attempt to explain why the court should not hold them accountable for their silence the first time the court directed them to respond, relying instead on the fact that their former creditors have no legal claim to the funds.

OPINION

On this record, Wymore, Krumrei and Perry no longer held a valid lien on the Meisegeiers' property as of November 5, 2014, when the Rusk County Circuit Court

entered an order of satisfaction with respect to the judgments in question. "The plain language of [§ 806.19(4)] unambiguously provides that when a proper application is received by the clerk and submitted to the judge for signature, the only thing required for satisfaction of a judgment debt and cessation of an associated judgment lien is that the underlying judgment has been discharged in bankruptcy." *Megal Dev't Corp. v. Shadof*, 2005 WI 151, ¶ 2, 286 Wis. 2d 105, 705 N.W.2d 645.

The former creditors could perhaps attempt a collateral attack on the validity of the order of satisfaction using § 806.07, "Relief from judgment or order." *See* 5 Jay E. Grenig, *Wisconsin Pleading & Practice Forms* § 37:134 (5th ed. 2015), *available at* Westlaw, 5 Wis. Pl. & Pr. Forms § 37:134. But this foreclosure action, which is only tangentially related to the judgments in question, would be an inappropriate venue for that challenge, even assuming the court had the power to entertain it. *See, e.g.*, *Arnold v. KJD Real Estate,* LLC, 752 F.3d 700, 704-05 (7th Cir. 2014) (under *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction in cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Additionally, the validity of the orders of satisfaction is better litigated in the court that entered those orders as a matter of comity and policy. At a minimum, the state court that entered the satisfaction order is in the best position to assess whether it should stand in light of the considerations enumerated in Wis. Stat. § 806.07. Finally, and importantly, no one -- not even Wymore -- has formally attacked the validity of the orders of satisfaction in

this court. Accordingly, the Rusk County Circuit Court should be the one to assess whether its order ought to be vacated under § 806.07(1).

This still leaves the question of what to do with the remaining surplus funds. Despite the Meisegeiers' failure to explain their long silence and absence from the hearing on surplus, the court concludes that they are legally entitled to most of those funds based on their having obtained, however belatedly, state court orders of satisfaction. The Meisegeiers surely could have been more prompt in advising the court that they had obtained orders of satisfaction of judgment under § 806.19(4), but missing the briefing deadline does not justify this court ignoring a duly-entered order from the Rusk County Circuit Court.

Turning to the surplus petitions then, the court concludes that Krumrei and Perry failed to preserve their claim to the surplus by filing proof of judgment as ordered or by appearing at the hearing. Accordingly, their petition will be denied.

In contrast, Wymore *did* preserve his claim, and it is possible that he may wish to challenge the underlying order of satisfaction in state court.[2] If so, Wymore will be given an opportunity to bring a collateral attack in the Rusk County Circuit Court before this court pays out the funds to which he asserts a claim, provided that this court is given a copy of any such filing within thirty days of this opinion and order. This court will then transfer the claimed funds to that state court to be held pending the resolution of his challenge.[3] If

---

[2] This court hastens to add that it expresses no opinion on the merits of such a challenge, having little to no information about what occurred in those underlying proceedings.

[3] Of course, there may be an easier solution available. The Meisegeiers will be receiving a significant surplus from the sale of their property, one that far exceeds the approximately $3,000 (representing both judgment and interest) that Wymore requests. Accordingly, it lies within their discretion to settle the matter voluntarily.

he does not wish to bring such a challenge, however, or if thirty days pass without word from Wymore, then the court will disburse the remaining surplus to the Meisegeiers as well.

ORDER

IT IS ORDERED that:

1) David Krumrei and Bonita Perry's petition for equitable distribution of surplus (dkt. #42) is DENIED.

2) Wymore Seed and Farm Supply's request for surplus funds (dkt. ##43, 48) is DENIED IN SUBSTANTIAL PART as set forth above.

3) Defendants Emily and Larry Meisegeiers' request for surplus funds (dkt. #49) is GRANTED IN PART in the amount of $38,388.26[4] and STAYED IN PART in the amount of $3,197.06.

4) Within thirty days, Wymore should inform the court if he has filed a collateral challenge to the order of satisfaction in state court, and if so, the case number of that challenge and a copy of his filing. If satisfactory, the court will transfer the remaining surplus to that court pending resolution of his challenge. If not, the court will release the surplus to the Meisegeiers.

Entered this 29th day of July, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] This calculation represents the reported surplus from the sale of $44,061.24, less the $3,197.06 Wymore requested and the $2,475.92 paid to the United States.